1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
## AT TACOMA

| | |
|---|---|
| WJR Tacoma LLC, an Oregon limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>Port of Tacoma, a Washington municipal corporation,<br><br>Defendant. | NO.<br><br>COMPLAINT |

## I.   INTRODUCTION

1.1   The instant suit involves a lease dispute relating to a 3.74 acre parcel of property located at 1602 Marine View Drive, Tacoma, Pierce County Washington.

## II.   PARTIES

2.1   WJR Tacoma LLC ("WJR") is a limited liability company formed under the laws of the State of Oregon.  WJR's principal place of business is the State of Oregon.  WJR's sole unit holder is Warren Rosenfeld, who resides in Oregon.  Calbag Steel, LLC ("Calbag Steel") is a limited liability company formed under the laws of the State of Oregon.  Calbag Steel's principal place of business is Portland, Oregon.   Calbag Steel's sole unit holder is Calbag Metals Co, an Oregon

COMPLAINT - 1

M c G A V I C K
G R A V E S
A Professional Services Corporation
1102 Broadway, Suite 500 • Tacoma, Washington 98402
Telephone (253) 627-1181 • Fax (253) 627-2247

1 | corporation, whose principal place of business is Portland Oregon. WJR is a party to the lease with

2 | the Port of Tacoma. Calbag Steel subleased the property specified in the lease from WJR.

3 |       2.2     Defendant Port of Tacoma ("Port") is a Municipal Corporation, organized under the

4 | laws of the State of Washington with its principal offices located at One Sitcum Plaza, Tacoma,

5 | Washington 98421. Port of Tacoma is a party to the lease with WJR.

6 | **III.    JURISDICTION AND VENUE**

7 |       3.1     The matter in controversy exceeds $75,000, exclusive of interests and costs.

8 |       3.2     The Port of Tacoma, WJR and Calbag Steel are citizens of different states. WJR and

9 | Calbag Steel are citizens of Oregon as are its members.

10 |       3.3     This court has jurisdiction over the action pursuant to 28 U.S.C. § 1332.

11 |       3.4     Venue is proper in Western Washington Federal District Court at Tacoma pursuant to

12 | 28 U.S.C. § 1391.

13 | **IV.    STATEMENT OF FACTS**

14 | A.    THE LEASES

15 |       4.1     The Port of Tacoma and WJR are parties to a series of leases. The first lease between

16 | port of Tacoma and WJR was entered into in December 10, 2007. That lease, among other items,

17 | permitted WJR to utilize an approximately 3.74 acre parcel of land, reasonable wear and tear

18 | excepted.

19 |       4.2     Calbag Metals Co. continues to occupy the property adjacent to the 3.74 acre parcel

20 | under a separate lease. A storm water treatment facility constructed at the Port's behest straddles the

21 | property line between these parcels.

22 |       4.3     Subsequently, and with the full knowledge of the Port, WJR sublet the property to

23 | Calbag Steel.

COMPLAINT - 2

**MCGAVICK GRAVES**

A Professional Services Corporation

1102 Broadway, Suite 500 • Tacoma, Washington 98402

Telephone (253) 627-1181 • Fax (253) 627-2247

1    4.4    Subsequently, the Port of Tacoma and WJR entered into another lease commencing

2  April 1, 2012 known as the "Long Term" lease. Among other terms, the base rent was increased

3  pursuant to this lease.  A true and accurate copy of said lease is attached hereto as Exhibit A.  WJR

4  again sublet the parcel to Calbag Steel with the knowledge of the Port.  Pursuant to the long-term

5  lease the Port confirmed that it had inspected the premises and was aware of their condition.

6    4.5    Subsequently, on March 24, 2014 the Port of Tacoma and WJR entered into a First

7  Amendment to the Lease ("Amendment").  The Amendment again increased the base rent and

8  contained a termination date of March 31, 2016.  The Amendment contained a savings clause

9  affirming and ratifying all unchanged terms in the Long Term lease.

10    4.6    The Long Term lease contains a clause stating, "If either party to this lease brings an

11  action before any Court or arbitrator to enforce or obtain a declaration of its rights under any provision

12  of this lease, a reasonable attorneys' fee shall be awarded to the prevailing party in such litigation or

13  arbitration" Exhibit A § 19 of Base Lease.

14    4.7    Calbag vacated the premises in accord with the Long Term Lease's termination date

15  of March 31, 2016.

16    B.    THE PARCEL IS COVERED BY AN ENVIRONMENTAL CAP

17    4.8    The property in question is located on an environmental remediation site with a

18  Department of Ecology environmental cap ("Cap"). The Cap serves to contain historic contamination

19  isolated under the Cap, which is constructed out of asphalt and/or concrete.  In total WJR occupied

20  the 3.74 acre parcel for eight years.  During that time, repairs in the form of patches and the like were

21  completed at least nine times and with the knowledge and approval of the Port.  Again, the Port was

22  aware of such repairs and approved such repairs, amounting in a total of approximately $121,005.35

23  in repairs to the asphalt Cap during the tenancy.  For example, the 2014 inspection, prepared for the

COMPLAINT - 3

**MCGAVICK
GRAVES**
A Professional Services Corporation
1102 Broadway, Suite 500 • Tacoma, Washington 98402
Telephone (253) 627-1181 • Fax (253) 627-2247

1   Port, on December 15, 2014 concluded, "the asphalt cover at the Site is intact and in excellent

2   condition."

3          4.9     At the conclusion of the lease, WJR was required to vacate the leased premises and

4   return them to the Lessor (i.e. the Port), "reasonable wear and tear excepted." (Exhibit A § 6).

5          4.10    Following the termination of the lease, the Port asserted that WJR was responsible for

6   more than $116,000 of repairs and withdrew from its letter of credit $116,000 on June 28, 2016. The

7   Port has retained the money despite repeated demand for its return.  The Port has alleged that WJR is

8   responsible for replacement of the Cap with a superior and more costly cap and in doing so has failed

9   to account for 1) the age of the Cap, 2) the prior consented repairs to the Cap 3) the exception for

10  "reasonable wear and tear" to the Cap as dictated by the lease and other salient facts related to the

11  condition of the Cap and the parties obligation to repair the Cap.  The parties have been unable to

12  resolve their divergent interpretations of the Lease as it relates to the Cap.

13         4.11    Subsequently, the Port subjected the Cap to examination on or about April 2017.  The

14  report generated from that inspection recommends repair to the Cap, not replacement.

15         C.      STORM WATER TREATMENT SYSTEM

16         4.12    During the term of the lease WJR was required to, "accomplish all maintenance on

17  the Leased Premises, including all of the surface storm water system, during or as a result of Lessee's

18  tenancy." WJR has installed and operated at its own expense a surface storm water treatment system.

19  That system has continued to treat storm water from the vacated premises since termination of the

20  lease on March 31, 2016.  The Port has not paid for WJR's treatment of the surface storm water.

21  Presently, and as a result of the termination of the lease, WJR has no contractual obligation to treat

22  the surface storm water related to the vacated parcel but has continued to do so to the benefit of the

23  Port.

COMPLAINT - 4

MCGAVICK
GRAVES
A Professional Services Corporation
1102 Broadway, Suite 500 • Tacoma, Washington 98402
Telephone (253) 627-1181 • Fax (253) 627-2247

4.13    The Port has also claimed an ownership interest in the storm water treatment facility constructed and installed by WJR, asserting that such rights arise from WJR's status as a holdover tenant.

4.14    The Port has made other claims inconsistent with the terms of the lease and the course of conduct between the parties.

## V.    FIRST CAUSE OF ACTION—BREACH OF CONTRACT

5.1    The Port has retained proceeds from Calbag's letter of credit in the amount of $116,000 based on the allegation that Calbag is responsible for at least $116,000 to replace the Cap.

5.2    The Port's conduct is in breach of the parties' Lease and course of conduct in that the Port has failed to except reasonable wear and tear.

5.3    Calbag has suffered damages in the amount of $116,000, plus pre-judgment interest on the sum since it was unjustifiably retained.  Additional consequential damages have been suffered in an amount to be proved at trial.

## VI.    SECOND CAUSE OF ACTION—UNJUST ENRICHMENT

6.1    Calbag has continued to operate the storm water treatment facility which serves the Port's property at its own expense and without compensation from the Port.  Such conduct benefits the Port, which has failed to pay for the services or approach the Department of Ecology to address what, if any, storm water treatment obligations are required on the parcel at this time.  The Port has retained the benefits provided by Calbag with full knowledge of the benefits and their value.  In equity, to permit the Port to retain the benefits without compensation to Calbag would enrich the Port and be unjust to Calbag.

//

COMPLAINT - 5

MCGAVICK
GRAVES
A Professional Services Corporation
1102 Broadway, Suite 500 • Tacoma, Washington 98402
Telephone (253) 627-1181 • Fax (253) 627-2247

## VII.   THIRD CAUSE OF ACTION –
## DECLARATION OF RIGHTS PURSUANT TO 7.24.020

7.1     The Port has made assertions of rights and remedies inconsistent with the terms of the contract. Such issues relate to, among other things, the fate of the storm water treatment facility and whether Calbag is required to operate it for the benefit of the Port, which straddles the property line between Calbag and the Port's respective parcels, and ingress and egress to the Port's property. Such rights and disputes are real and substantial and require resolution.  As Calbag is no longer occupying the premises and the Port desires to lease the premises, resolution of such issues should occur before the property is relet.

7.2     The Port drafted the parties' lease and the exhibits thereto.

7.3     The parties have not been able to agree on their respective rights under the parties' contract.

7.4     Calbag seeks a declaration of the parties' rights under the contract.

## VIII.   PRAYER FOR RELIEF

1.   For return of Calbag's wrongfully retained $116,000 together with pre and post judgment interest;

2.   For consequential damages suffered by Calbag as a result of the Port's breach;

3.   For attorneys' fees and costs in accord with the parties' contract as prevailing party;

4.   For statutory attorney's fees and costs;

5.   For a declaration of the parties rights under the parties' contracts;

//

//

//

COMPLAINT - 6

MCGAVICK
GRAVES
A Professional Services Corporation
1102 Broadway, Suite 500 • Tacoma, Washington 98402
Telephone (253) 627-1181 • Fax (253) 627-2247

1

6.  For such other relief permitted by law and in equity as the Court deems just.

2

DATED this 28 day of June, 2017.

3

4

McGavick Graves, P.S.

5

By _____

6

Lori M. Bemis, WSBA No. 32921
Of Attorneys for Plaintiff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

COMPLAINT - 7

**McGAVICK
GRAVES**

A Professional Services Corporation

1102 Broadway, Suite 500 • Tacoma, Washington 98402

Telephone (253) 627-1181 • Fax (253) 627-2247